# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br>v.<br>ZTE CORPORATION, ET AL. | Civil Action No. 6:13-CV-443 |
| ADAPTIX, INC.,<br>v.<br>ZTE CORPORATION, ET AL. | Civil Action No. 6:13-CV-444 |
| ADAPTIX, INC.,<br>v.<br>ZTE CORPORATION, ET AL. | Civil Action No. 6:13-CV-445 |
| ADAPTIX, INC.,<br>v.<br>ZTE CORPORATION, ET AL. | Civil Action No. 6:13-CV-446 |

**OBJECTIONS TO REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Federal Rule of Civil Procedure 72, Defendants ZTE (USA) Inc., Boost Mobile LLC, T-Mobile USA, Inc., Sprint Spectrum L.P., and U.S. Cellular Corporation (collectively "Defendants") respectfully submit their objections to Section IV.B of the September 19, 2014 Report and Recommendation [Dkt. No. 91] ("R & R").  The R & R relates to the Motion for Summary Judgment of Invalidity on the Basis of Indefiniteness as to claims 8, 11, 19, and 21 of the '748 patent and claims 9, 11, 18, and 26 of the '212 patent, filed on August 15, 2014 and argued before the Court on September 11, 2014.[1]  Defendants object that Section IV.B of the R & R finds the terms "desired for use" or "desires to employ" are not indefinite.  Defendants respectfully submit their objections that the R & R does not satisfy the definiteness requirements set forth in the Supreme Court's June 2, 2014 opinion in *Nautilus Inc. v. Biosig Instruments,* 134 S.Ct. 2120, 2125 (2014).  The R & R rests on the analysis of prior cases finding that the term "desire[d/s]" is not indefinite by applying a narrowing construction which essentially reads the term "desires/d" out of the claim.  *See Adaptix v. AT&T*, Civil Action No. 6:12-CV-17, Dkt. No. 180; *see also* Civil Action Nos. 6:12-CV-20, -120.  Proper application of the *Nautilus* standard would necessarily result in a finding that the claims are indefinite.

The question of indefiniteness is a matter of law. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344-45 (Fed. Cir. 2007).   Pre-*Nautilus* Federal Circuit precedent held that a claim term was indefinite only when it was "not amenable to construction" or "insolubly ambiguous" and that a term which could be given any reasonable meaning was definite.  *See Nautilus,* 134 S.Ct. at 2124.

In *Nautilus*, the Supreme Court held that the claims, read in light of the specification and the prosecution history, must inform a person of skill in the art of the scope of the invention with reasonable certainty. *Nautilus*, 134 S.Ct. at 2124.  *Nautilus* rejects the Federal Circuit's former

---

[1] A copy of the transcript is attached as Exhibit 1 to the Declaration of Inge Larish. *See* Tr. at 42-51.

"amenable to construction" or "insolubly ambiguous" tests, stating that a standard which "tolerates some ambiguous claims but not others[] does not satisfy the statute's definiteness requirement." *Nautilus*, 134 S.Ct. at 2130. *Nautilus* makes clear that "[i]t cannot be sufficient" to "ascribe some meaning to a patent's claims; the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application, not that of a court viewing matters post hoc." *Nautilus*, 134 S.Ct. at 2130.

Under *Nautilus*, the R & R improperly rests on adoption of the *AT & T* court's construction of the word "desire[d]/[s]". (6:12-cv-00017, Dkt. No. 180, p. 7-10)  The R & R fails to find that the word "desire[d]/[s]" as used in the '748 and the '212 patents "inform[s], with reasonable certainty, those skilled in the art about the scope of the invention."  Although the R & R nominally cites to the *Nautilus* opinion, it does not apply the new standard.  Specifically, the R & R adopts the analysis from the pre-*Nautilus AT & T* decision, and reasons that "subjectiveness or indefiniteness can be readily avoided by focusing on subscriber actions rather than subscriber 'desires'" and that "[b]y selecting a set of subcarriers or cluster, the subscriber is *requesting* use of those subcarriers or clusters, as disclosed in the specification."  R & R at 10.  To find that the claim is not indefinite, the R & R interprets "selecting a set of subcarriers/clusters" as "requesting/requesting use of those subcarriers or clusters" rather than construing the term "desired for use" and "desires to employ". R & R at 15.

As an initial matter, this construction improperly reads the term "desires/d" out of the claim. *See Agilent Technologies, Inc. v. Affymetrix, Inc.,* 567 F.3d 1366, 1377-78 (Fed. Cir. 2009) (reversing district court's claim construction equating term "closed" with "closable," contrary to the plain language of the claim); *Unique Concepts v. Brown,* 939 F.2d 1558, 1563 (Fed. Cir. 1991) ("When the language of a claim is clear, as here, and a different interpretation would render meaningless express claim limitations, we do not resort to speculative interpretation based on

2

claims not granted."). The phrase "desired for use" is in claims 11, 19, and 21 of the '748 patent and claim 18 of the '212 patent. The remaining independent claims in each patent specifically use the phrase "selecting a set of candidate subcarriers" (claims 1, 5, 6, 8, and 10 of the '748 patent and claim 1 of the '212 patent), supporting that meaning must be given to "desired/s" beyond the meaning ascribed to the claims without this term - something other than merely selecting candidate subcarriers is happening in these claims. The R & R fails to do so, effectively reading "desires/d" out of the claim in the guise of providing "some" meaning to the term.

Under the Supreme Court's ruling in Nautilus, ascribing "some" meaning to the term "desires to employ" or "desired for use" is insufficient. *Nautilus*, 134 S.Ct. at 2130. "The claims, when read in light of the specification and prosecution history, must provide objective boundaries for those of skill in the art. *Interval Licensing v. AOL,* -- F.3d --, 2014 WL 4435871 at 5 (Fed. Cir. September 10, 2014) (citing *Nautilus,* 134 at 2130 n. 8). The Supreme Court indicated that there is an indefiniteness problem if the claim language "might mean several different things and 'no informed and confident choice is available among the contending definitions.'" *Id.* at n. 8.

Where, as here, the patents provide no objective criteria for evaluating what on its face is a purely subjective term, the court looks to the specification for guidance. *See e.g., Interval Licensing, LLC v. AOL,* -- F.3d – , 2014 WL 4435871 at 5 (Fed. Cir. 2014) ("Where, as here, we are faced with a 'purely subjective' claim phrase, we must look to the written description for guidance.")[2]. Here, there is a lack of sufficient guidance in the written description. The specifications provide two examples of what "good performance" of a subcarrier might look like – SINR values higher than 10dB and cluster utilization less than 50% -- but does not provide clear guidance on selection of these values ('748 patent, Col. 5, Lines 46-50). Rather, the specification

---

[2] A copy of the *Interval Licensing* decision is attached as Exhibit 2 to the Declaration of Inge Larish.

3

discussion of what clusters a subscriber might "desire to use" or consider part of "good performance" is relative and subjective, such as low traffic load or low interference ('748 patent, Col. 8, Lines 15-18) or an undefined set of "predetermined performance criteria" ('748 patent, Col. 9, Lines 35-37). A subscriber might consider some clusters as "desirable" or having "good performance" for some types of transmission but not others. As is, there is no indication of whether or not this sort of prioritization goes on (and how it goes on if it does). *See* R & R (citing to declaration of Dr. Vijay Madisetti, Dkt. 81-1, ¶¶ 37-39). It is not clear that these examples would serve as the exclusive definition of a facially subjective term. *See Datamize v. Plumtree Software,* 417 F.3d 1342, 1352 (Fed. Cir. 2005) ("while the description of an embodiment provides examples of aesthetic features of screen displays that can be controlled by the authoring system, it does not explain what selection of these features would be "aesthetically pleasing."); *Nautilus*, 134 S.Ct. at 2130 (disfavoring "post hoc" efforts to "ascribe *some* meaning to a patent's claims").

Most recently, the Federal Circuit in *Interval Licensing v. AOL* applied the *Nautilus* standard to find the "purely subjective" claim phrase, "unobtrusive manner" indefinite. *Interval Licensing,* -- F.3d --, Nos. 2013-1282-85, 2014 WL 4435871 at 5-7. *Interval Licensing* particularly considered whether the court should use the embodiments in the specification to define "unobtrusive manner" or at least adopt a "narrow example" from the specification. *Id.* at 7-8. The Federal Circuit held that the embodiment "did not provide a reasonably clear and exclusive definition, leaving the facially subjective claim language without an objective boundary." *Id.* at 7.

As in *Interval Licensing,* the specification does not provide "a reasonably clear and exclusive definition" to provide an objective boundary. There are too many possibilities for the meaning of "desire" that the patent does not disclose for a person of ordinary skill in the art to determine what the subscriber would "desire." (Madisetti Declaration, Dkt. 81-1, ¶¶ 38-39). The definition of "desires/d" cannot depend on an undefined standard. *See e.g., Innovative Display*

4

*Technologies v. Acer,* No. 2:13-cv-00522, 2014 WL 4230037 (EDTex. August 26, 2014) (Payne) ("In the absence of any objective criteria for evaluating on what on its face is a purely subjective term, the disputed term [quite small] is indefinite.")[3]; *Amgen v. Hoechst Marion Roussel,* 314 F.3d 1313, 1342 (Fed. Cir. 2003).

The R & R construction equating what is "desired" with what is "requested" does not provide a standard or clarity in how the subscriber decision to "request" is made. The term "desire[d]/[s]" as used in the '748 and the '212 patents, thus, does not "inform, with reasonable certainty, those skilled in the art about the scope of the invention" and thus does not meet the standard for definiteness. *Nautilus*,134 S.Ct. at 2124.

Defendants respectfully object to the R & R as set forth above and request that the Court grant Defendant's Motion for Summary Judgment of Indefiniteness.

---

[3] A copy of the *Innovative Display Technologies* decision is attached as Exhibit 3 to the Declaration of Inge Larish.

Dated:  October 3, 2014            Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/Inge Larish*
    Inge Larish (Texas State Bar No. 00796924)
    Inge.larish@pillsburylaw.com
    Steven A. Moore (California Bar No. 232114)
    Steve.moore@pillsburylaw.com
    Callie A. Bjurstrom (California Bar No. 137816)
    Callie.bjurstrom@pillsburylaw.com
    Nicole S. Cunningham (California Bar No. 234390)
    Nicole.cunningham@pillsburylaw.com
    **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    501 West Broadway, Suite 1100
    San Diego, CA  92101
    Tel.: (619) 544-3119; Fax (619) 981-4483

*ATTORNEYS FOR DEFENDANT ZTE (USA), INC.*

*/s/Mark W. McGrory     (by permission)*
Mark W. McGrory (pro hac vice)
Lawrence A. Rouse (pro hac vice)
**ROUSE HENDRICKS GERMAN MAY PC**
1201 Walnut, 20th Floor
Kansas City, MO 64106
Tel: (816) 471-7700
Fax: (816) 471-2221
MarkM@rhgm.com
LarryR@rhgm.com

*/s/Michael E. Jones     (by permission)*
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
**POTTER MINTON, P.C.**
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

*ATTORNEYS FOR DEFENDANTS*
*BOOST MOBILE, LLC and SPRINT SPECTRUM L.P.*

6

        */s/James C. Williams      (by permission)*
        Douglas M. Kubehl
        (Texas Bar No. 00796909)
        doug.kubehl@bakerbotts.com
        James C. Williams
        (Texas Bar No. 24075284)
        james.williams@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        2001 Ross Avenue
        Dallas, Texas 75201
        Telephone: (214) 953-6500
        Facsimile: (214) 953-6503

        *ATTORNEYS FOR DEFENDANT*
        *T-MOBILE USA, INC.*

**CERTIFICATE OF CONFERENCE**

On September 26, 2014, counsel for Defendants conferred telephonically with counsel for Adaptix, in a good-faith effort to reach agreement on the subject of this objection. Plaintiff's counsel stated that it opposes this objection. The discussions on this point have conclusively ended in an impasse. Counsel has therefore complied with the meet and confer requirement in Local Rule CV-7(h).

Dated: October 3, 2014    Respectfully submitted,

                                          PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/Inge Larish*
    Inge Larish (Texas State Bar No. 00796924)
    Inge.larish@pillsburylaw.com
    Steven A. Moore (California Bar No. 232114)
    Steve.moore@pillsburylaw.com
    Callie A. Bjurstrom (California Bar No. 137816)
    Callie.bjurstrom@pillsburylaw.com
    Nicole S. Cunningham (California Bar No. 234390)
    Nicole.cunningham@pillsburylaw.com
    **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    501 West Broadway, Suite 1100
    San Diego, CA  92101
    Tel. (619) 544-3119
    Fax (619) 981-4483

*Attorneys for Defendant ZTE (USA), Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on October 3, 2014, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(b)(1).

Dated:  October 3, 2014                     PILLSBURY WINTHROP SHAW PITTMAN LLP

                                        By:  */s/Inge Larish*
                                              Inge Larish (Texas State Bar No. 00796924)
                                              Inge.larish@pillsburylaw.com