**Pillsbury Winthrop Shaw Pittman LLP**
501 W. Broadway, Suite 1100 | San Diego, CA 92101-3575 | tel 619.234.5000 | fax 619.236.1995

April 14, 2015

The Honorable Paul S. Grewal
United States Magistrate Judge
U.S. District Court for the Northern District of California

> Re: *Adaptix, Inc. v. ZTE (USA) Inc., et al.,* 5:15-cv-00165, 166, 167, 168
> Supplemental Briefing Opposing Motion for Leave to Amend Contentions

Dear Judge Grewal:

In response to this Court's Order permitting supplemental briefing, Defendants ZTE (USA) Inc., T-Mobile USA, Inc., Metro PCS Wireless, Inc., Boost Mobile, LLC, and Sprint Spectrum, L.P. ("Defendants") write to provide the following supplemental authority.

Adaptix filed these cases on May 28, 2013, and served its infringement contentions on February 19, 2014. *See e.g.,* 5:15-cv-165, Dkt. 102 & 102-1-3. Adaptix first disclosed its proposed contentions on August 25, 2014, only one day prior to the deadline for ZTE to file an inter partes review ("IPR"), and after Defendants' responsive claim construction briefing. *See* 5:15-cv-165, Dkt. 94-4. As in the cases wherein this Court denied Adaptix's amendment, Adaptix seeks to make two fundamental changes to the infringement contentions it served more than a year ago. First, Adaptix seeks to drop its original [REDACT] theory and to add a brand new [REDACT] theory of infringement for every apparatus claim. Second, despite Adaptix's explicit pleading of contributory infringement in its complaint and its subsequent decision not to assert contributory infringement in its contentions, Adaptix now seeks to add a contributory infringement theory.

Adaptix has both failed to demonstrate diligence and has demonstrated a pattern of a lack of diligence. Adaptix brought its motion more than ***seven months*** after serving its infringement contentions, ***more than a year*** after filing this lawsuit, and ***more than two years*** after learning its [REDA] theory was not viable. This Court denied leave to amend in the Wave I cases (involving Apple and HTC). *See* 5:13-cv-1778, Dkt. 253. Adaptix did not move to amend in these cases when it moved to amend in the Wave I cases, or even after this Court denied leave to make the same amendments in the Wave I cases. Rather, Adaptix inexplicably waited several more months until *after* Defendants in these cases had briefed their claim construction positions and until after ZTE's deadline to file an IPR passed. Because Adaptix did not and cannot show diligence, and because the Defendants were prejudiced, Adaptix's motion should be denied.

### I.    Adaptix Has Not Been Diligent

The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence [was] revealed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "Good cause" requires a showing of diligence; the burden is on the party seeking to amend its contentions 'to establish diligence rather than on the opposing party to establish a lack of diligence." *Google v. Netlist,* 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010). If the moving party fails to establish diligence, there is "no need to consider the question of prejudice. . . ." *O2*, 467 F.3d at 1368; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.,* 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012)

April 14, 2015
Page 2

("Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party."). The core is the moving party's diligence in investigating the claim and seeking to amend. *Dynetix Design Solutions v. Synopsys,* 2012 WL 6019898 at *2 (N.D. Cal. 2012). The critical question is whether the party "could have discovered [the new information] earlier had it acted with the requisite diligence." *Id.*

Adaptix not only "could" have discovered the "new" information had it acted with the requisite diligence – Adaptix did discover it. The facts forming the basis of its proposed amendments could have been known (and were known) before the February 2014 service of infringement contentions: indeed, that was the basis of the Court's denial of a similar motion in the Apple cases. *See Adaptix v. Apple,* CV-13-1776-PSG, 7/28/2014 Tr. (denying leave to amend infringement contentions and declining to reach prejudice issue because "I am not satisfied that the plaintiffs have been diligent here given that Apple made this same [Qualcomm] code available some several months ago, indeed perhaps as long ago as 19 months ago."); Dkt 290 (Order on Mot. to Strike). Moreover, Adaptix did know these "new" facts. With respect to Adaptix's "new" REDA theory, Adaptix confirmed in deposition that it had evidence at least as of May 29, 2012, that REDACTED and Sprint REDACTED support REDACTED. *See* 6-26-14 Dodd Dep. pp. 455-460, Larish Decl. Ex. A. Additionally, Adaptix has known since at least 2013 that Defendants' networks REDACTED. On August 5, 2013, Ericsson produced to Adaptix a Statement of Compliance confirming that Ericsson's base stations REDACTED in the Ericsson "Network Case," which were produced in the ZTE cases. Larish Decl. ¶3; Williams Decl., Ex. A, at 4. On September 3, 2013, T-Mobile reiterated that the Ericsson base stations in T-Mobile's network REDACTED, and on March 17, 2014, confirmed that T-Mobile's network REDACTED Williams Decl., Ex. B, at 11, Ex. C, at 13. Similarly, by August 12, 2013, Sprint produced information that its Ericsson base stations REDACTED McGrory Decl., Ex. C, Pawlowski Decl. Inv. No. 337-TA-871. Sprint produced information confirming that the Alcatel-Lucent base stations REDACTED REDACTED *Id.,* Ex. A & B. Thus, Adaptix was well aware of the REDACTED that were and were not supported in Defendants T-Mobile's and Sprint's networks when it served its infringement contentions on February 19, 2014. Adaptix specifically chose to assert infringement with respect to REDA and the apparatus claims, and explicitly chose *to not assert* infringement with respect to REDA and the apparatus claims. Adaptix decidedly was not diligent in waiting until September 2014 to attempt to reverse theories to assert REDA theories of infringement of apparatus claims.

Similarly, although Adaptix originally asserted contributory infringement in its complaint, by February 2014, it unequivocally signaled that it was not pursuing that theory when it excluded that theory from its infringement contentions. Adaptix's current arguments that it learned something in a third party deposition giving rise to the contributory infringement are a red herring in light of Adaptix's specific pleading of this claim in its Original Complaint, for which it allegedly had a Rule 11 basis. Adaptix's contributory infringement allegations recited in its

April 14, 2015
Page 3

proposed Amended Contentions have nothing to do with the information it supposedly learned during the Qualcomm deposition. Adaptix's proposed contentions for all Defendants say nothing about processors that have separate hardware and software "modules," and instead are based on allegations focused generally on the sale of the handsets themselves. *See e.g.,* Williams Decl., Ex. D, at 35-36, Ex. E, at 5-6. This is the same level of information found in Adaptix's original complaint. Adaptix's excuses for its seven month delay in seeking amendment are baseless and should not be the basis for "diligence."

Additionally, Adaptix offers **no** explanation for its delay of several months in requesting amendment in these cases from the time it asserted its "new" theories in the Wave I cases. Adaptix's contentions state there are no material differences among the accused products and Adaptix's expert stated under oath that the technology in the processor chips was the same for these purposes across all devices across all lawsuits. *See* 5:15-cv-167, Dkt. 162. Yet, Adaptix did not seek leave to amend in the ZTE cases when it sought leave to amend in the Wave I cases. Instead, Adaptix waited until after the parties exchanged proposed terms and briefs for claim constructions and until the eve of ZTE's IPR deadline. Even after the Court found that Adaptix lacked diligence in the Wave I cases, Adaptix waited to present the same theories here.

### II.     Defendants Would Suffer Prejudice If Amendment Were Permitted

Given Adaptix's lack of diligence, "the inquiry should end," and Adaptix's motion should be denied. However, if prejudice is considered, Adaptix's proposed amendment of its contentions should be denied on that basis, too. The parties exchanged proposed terms for constructions, and then actual claim constructions, before Adaptix presented its proposed amended contentions. *See e.g.,* 5:15-cv-167, Dkt. 48 (Responsive Briefing due 8/15/2014; deadline for motion of summary judgment of indefiniteness 8/15/2014; Markman hearing 9/11/2012). As in the Wave II cases, ZTE was effectively prevented from relying on Adaptix's amended contentions in an IPR as Adaptix served the amended contentions on the eve of ZTE's deadline to file an IPR (August 26, 2014). *See* 35 U.S.C. § 315(b); 37 C.F.R 42.101(b) (one year bar); *see e.g.,* Return of Service as to ZTE (USA) Inc. on 8/26/2013; 5:15-cv-167, Dkt. 19. Defendants' determinations of whether to proceed with petitions before the PTO were necessarily made with reference to Adaptix's contentions as they existed at the time. Defendants could fairly conclude that Adaptix would face significant obstacles in proving the direct infringement theories presented in Adaptix's original contentions, as the Court's summary judgment ruling in the Apple wave of cases has since confirmed. Defendants were also prejudiced by their claim term choices which were based entirely on the original (and only) infringement contentions. Adaptix's delay in not seeking to amend immediately after the alleged "new" information from the Qualcomm deposition in June 2014, and waiting until preclusive events, is evidence of gamesmanship which this Court has indicated is a consideration of prejudice. *See e.g., Dynetix,* 2012 WL 6019898 at *2 ("motivated by gamesmanship and a desire to employ a 'shifting sands' approach to claim construction'"). Defendants would be prejudiced by the amendments as set forth above, and thus leave should be denied for this reason as well.

April 14, 2015
Page 4

                                                Respectfully submitted,

Dated: April 14, 2015        By:   /s/ *Inge Larish*
                                              Inge Larish
                                              Counsel for Defendant ZTE (USA) Inc.

                                  By:   /s/ *James Williams*
                                              James Williams
                                              Counsel for Defendants T-Mobile USA, Inc. and
                                              MetroPCS Wireless, Inc.

                                  By:   /s/ *Mark McGrory*
                                              Mark McGrory
                                              Counsel for Defendants Boost Mobile, LLC, and
                                              Sprint Spectrum, L.P.

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), Inge Larish attests that concurrence in the filing of this document has been obtained from each of the signatories listed above.